IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| S.K.,[1] <br><br> Plaintiff, <br><br> vs. <br><br> MARTIN O'MALLEY, Commissioner of Social Security, <br><br> Defendant. | Case No. 4:22-cv-00021-RRB <br><br> **ORDER REMANDING FOR FURTHER PROCEEDINGS** <br> **(Docket 17)** |

## I. INTRODUCTION

Claimant, S.K., filed an application for Social Security Disability Insurance benefits ("SSDI") and Supplemental Security Income benefits ("SSI") on August 8, 2018, alleging disability beginning October 7, 2002.[2] Claimant later amended her alleged onset date to November 24, 2015.[3] Her Date Last Insured ("DLI") for purposes of SSDI, was

---

[1] Plaintiff's name is partially redacted pursuant to Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. *See* Memorandum, Committee on Court Administration and Case Management of the Judicial Conference of the United States (May 1, 2018), *available at* https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

[2] Tr. 703. Claimant filed a subsequent claim for Title XVI benefits on February 19, 2021. The Appeals Council deemed this as a duplicate, and ordered the ALJ to consolidate the claims files. Tr. 728.

[3] Tr. 648.

*S.K. v. O'Malley*                                            Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings                    Page 1
Case 4:22-cv-00021-RRB    Document 20    Filed 02/05/24    Page 1 of 16

March 31, 2017.[4]  Claimant has exhausted her administrative remedies and seeks relief from this Court.[5]  She argues that the determination by the Social Security Administration ("SSA") that she is not disabled, within the meaning of the Social Security Act ("the Act"),[6] is not supported by substantial evidence and that the Administrative Law Judge ("ALJ") committed legal errors.  Claimant seeks a reversal of the decision by the SSA and a remand for further proceedings.

The Commissioner of the SSA ("Commissioner") filed an answer to the complaint and an answering brief in opposition.[7]  Claimant has replied.[8]  For the reasons set forth below, Claimant's Motion for Remand at **Docket 17** is **GRANTED,** the Commissioner's final decision is **VACATED,** and the case is **REMANDED** to the SSA for further proceedings.

## II.  APPLICABLE LAW

The social security system provides two types of benefits based on an inability to engage in substantial gainful activity.  The Act provides for the payment of disability benefits (SSDI) to individuals who have contributed to the social security program and who suffer from a physical or mental disability.[9]  To be entitled to SSDI, a claimant must establish that her disability existed on or before the date last insured.[10]

---

[4] Tr. 65.
[5] Dockets 1, 15.
[6] 42 U.S.C. § 423; 42 U.S.C. § 1381.
[7] Docket 18.
[8] Docket 19.
[9] 42 U.S.C. § 423(a). SSDI is also known as Disability Insurance Benefits ("DIB").
[10] *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998), as amended (Jan. 26, 1999).

*S.K. v. O'Malley*                                                                                   Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings                                                              Page 2
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 2 of 16

The Act also supplies SSI, which provides benefits to disabled individuals who meet low-income requirements regardless of whether the individuals have ever worked or paid into the social security system.[11] A determination of disability benefits under SSI, unlike SSDI, does not depend upon a showing that the disability arose during the insured period, but is instead based in part on a showing that the claimant was disabled and met the financial requirements for SSI.[12] Accordingly, a claimant's "last date insured" is not relevant to eligibility for SSI benefits.

Disability, for the purposes of both types of benefits, is defined in the Act as:

> [I]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.[13]

> An individual shall be determined to be under a disability only if his . . . impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work. For purposes of the preceding sentence (with respect to any individual), "work which exists in the national economy" means work which exists in significant numbers either in the region where such individual lives or in several regions of the country.[14]

---

[11] 20 C.F.R. § 416.202.
[12] *Id.*
[13] 42 U.S.C. § 423(d)(1)(A).
[14] 42 U.S.C. § 423(d)(2)(A).

*S.K. v. O'Malley*  Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings  Page 3
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 3 of 16

The Commissioner has established a five-step process for determining disability within the meaning of the Act,[15] relevant portions of which are addressed below.[16] A claimant bears the burden of proof at steps one through four in order to make a *prima facie* showing of disability.[17] If a claimant establishes a *prima facie* case, the burden of proof then shifts to the agency at step five.[18]

A decision by the Commissioner to deny disability benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error.[19] "Substantial evidence" has been defined by the United States Supreme Court as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[20] Such evidence must be "more than a mere scintilla," but also "less than a preponderance."[21] In making its determination, the Court considers the evidence in its entirety, weighing both the evidence that supports and that which detracts from the ALJ's conclusion.[22] If the evidence is susceptible to more than one rational interpretation, the ALJ's conclusion must be upheld.[23] Courts "review only the reasons provided by the ALJ and may not affirm the ALJ on a ground upon which he did not rely."[24]

---

[15] 20 C.F.R. § 404.1520(a)(4).
[16] The test is the same, whether the claimant has applied for SSDI or SSI.
[17] *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1096 n.1 (9th Cir. 2014) (quoting *Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007)); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).
[18] *Treichler*, 775 F.3d at 1096 n.1.
[19] *Matney ex rel. Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citing *Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990)).
[20] *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).
[21] *Perales*, 402 U.S. at 401; *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975).
[22] *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).
[23] *Gallant v. Heckler*, 753 F.2d 1450, 1452–53 (9th Cir. 1984).
[24] *Garrison*, 759 F.3d 995, 1010 (9th Cir. 2014).

*S.K. v. O'Malley* Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings Page 4
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 4 of 16

## III. DISCUSSION

### A. Procedural History

Claimant filed her initial application on August 8, 2018. Due to the Coronavirus Pandemic, ALJ Hebda held a telephonic hearing on April 27, 2020, but he left the agency before issuing a written decision.[25] ALJ LaCara subsequently issued a written decision denying disability on July 28, 2020.[26] Claimant appealed to this Court, but the parties stipulated to a remand pursuant to sentence four of 42 U.S.C. § 405(g).[27] This Court issued an order of remand on July 14, 2021, and the Appeals Council remanded the matter to the ALJ on October 7, 2021, with detailed instructions.[28] The Appeals Council found that the medical records reported a range of psychological symptoms, including presenting as manic and distractable with thinking errors and impaired insight, and that psychotropic medications had been ineffective.[29] The Appeals Council suggested that the ALJ "may request the medical sources provide additional evidence and/or further clarification of opinions," but ALJ LaCara did not. ALJ LaCara held a new telephonic hearing on May 5, 2022,[30] and issued a decision again denying benefits on June 14, 2022.[31] This appeal followed.

---

[25] Tr. 703.
[26] Tr. 714.
[27] 3:21-cv-00006-RRB at Docket 22; Tr. 721.
[28] Tr. 726–28.
[29] Tr. 726.
[30] Tr. 671.
[31] Tr. 647.

*S.K. v. O'Malley*  Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings  Page 5
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 5 of 16

## B. ALJ Decision

The ALJ took testimony from Claimant, as well as vocational expert John Macleod.[32] She did not call a psychiatric or other medical expert to testify. In reaching her conclusions, the ALJ discussed the longitudinal medical record, and relied significantly on the written opinion of State agency psychological consultant, Mark Berkowitz, Psy.D.[33]

Applying the 5-step process, the ALJ concluded that: **Step 1**, Claimant had not engaged in substantial gainful activity since her alleged onset date; **Step 2**, Claimant suffered from severe impairments, including lumbar spine disorder, depressive disorder, and anxiety disorder;[34] and **Step 3**, Claimant's severe impairments did not meet any medical listings.[35]

Before proceeding to Step 4, a claimant's residual functional capacity ("RFC") is assessed. RFC is the most someone can do despite their mental and physical limitations.[36] In determining a claimant's RFC, the ALJ must base findings on "all of the relevant medical and other evidence," including a claimant's testimony regarding the limitations imposed by his impairments.[37] This RFC assessment is used at both Step Four and Step Five.[38] In evaluating her RFC, the ALJ concluded that Claimant had the capacity

---

[32] Tr. 671.
[33] Tr. 647–63.
[34] Tr. 651. The ALJ also found that Claimant's left shoulder impairment was "not severe" because it did not appear to cause significant limitation to perform basic work-related activities for a continuous 12-month period.
[35] Tr. 652.
[36] *Berry v. Astrue*, 622 F.3d 1228, 1233 (9th Cir. 2010); 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1).
[37] 20 C.F.R. § 404.1545(a)(3).
[38] 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

to perform medium work, with some limitations to stooping and overhead reaching, while being off task up to ten percent (10%) of the workday, not including regularly scheduled breaks.[39] At **Step 4**, the ALJ found that Claimant could perform her past relevant work as a restaurant helper, dining room attendant, cashier checker, food server, informal waitress and stock supervisor.[40] Accordingly, the ALJ did not reach **Step 5**.

In reaching her conclusions, the ALJ found that "the medical evidence does not substantiate the claimant's allegations of disabling symptoms or limitations," noting that "her statements concerning her incapacity are not borne out by the objective evidence of record, the well-considered medical opinions, or the consistency of her own reported and demonstrated functional ability."[41] The ALJ described Claimant's testimony as "out of proportion with the workup findings," noting "no specific treatment" for her ongoing back pain.[42]

With respect to Claimant's mental impairments, the ALJ found Claimant's counseling records revealed that Claimant "presented at times as manic and distractable and exhibited a depressed mood, labile affect, thinking errors, and impaired insight."[43] The ALJ noted that Claimant had been prescribed "a number of psychotropic medications, including Cymbalta, Desyrel, Effexor, and Paxil."[44] Nevertheless, the ALJ found that Claimant's treatment records contained "minimal psychiatric observations," rendering

---

[39] Tr. 654.
[40] Tr. 662.
[41] Tr. 655.
[42] Tr. 655–56.
[43] Tr. 657.
[44] *Id.*

*S.K. v. O'Malley*     Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings     Page 7
Case 4:22-cv-00021-RRB    Document 20    Filed 02/05/24    Page 7 of 16

them "inconsistent with her allegations of extremely limiting mental health symptoms."[45] Overall, the ALJ found Claimant's self-reports unreliable in light of her daily activities.[46]

## C. Arguments

The voluminous medical records are summarized generally in the briefing.[47] Claimant does not dispute the ALJ's findings with respect to her *physical* capabilities, or the impact of pain on her ability to perform activities.[48] The ALJ's justification for finding she was physically capable of medium work is accordingly not at issue in this appeal. Rather, Claimant contends that the ALJ's decision does not adequately account for all her *mental* impairments, that the ALJ committed legal errors, and that accordingly the ALJ's decision denying her benefits is not supported by substantial evidence.[49]

### 1. Psychiatric records

The ALJ found that Claimant's "subjective complaints, by themselves, do not establish disability and cannot substitute for the objective medical evidence contained in the record, which provides a more accurate longitudinal history of her conditions."[50] But Claimant asserts that once the ALJ found that her self-described limitations were generally consistent with her proven impairments, it was error for the ALJ to find that Claimant sought disability "on subjective complaints alone."

---

[45] *Id.*
[46] Tr. 658–59.
[47] Docket 17 at 7–12.
[48] Accordingly, the Court does not address the portions of Defendant's brief or the ALJ opinion discussing the physical medical evidence.
[49] Docket 17 at 4.
[50] Tr. 656.

*S.K. v. O'Malley*     Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings     Page 8
Case 4:22-cv-00021-RRB    Document 20    Filed 02/05/24    Page 8 of 16

In response, Defendant asserts that the ALJ reasonably assessed the medical opinions based on their consistency with the record.[51] Defendant argues that the ALJ rationally discounted Claimant's allegations because they conflicted with the objective medical evidence and her daily activities, which is "sufficient basis for rejecting the claimant's subjective testimony."[52] To that end, Defendant highlights the ALJ's discussion of the "regular notations" in the treatment records indicating "minimal psychiatric observations."[53]

The Court has reviewed the records relied upon by the ALJ, who cites specifically to eight (8) records to support her conclusion that Claimant's "relatively benign presentation does not corroborate her description of marked/severe social, cognitive, and mental dysfunction."[54] The first, Exhibit 1F page 11, is a page from Claimant's physical therapy records, simply noting in June 2018 that she "appears depressed, and is consistent w/her appts behavioral health for support."[55] Nine pages of Exhibit 3F show mostly handwritten Psychiatric Progress Notes from August 2018, which consistently report "major depression recurrent" highlighting the various medications that were prescribed for same.[56] The ALJ cited to select other pages in the exhibit that show "Normal" notations in various areas, while skipping pages in the same exhibit that indicate "Major depressive

---

[51] Docket 18.
[52] Docket 18 at 3 (citing *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008)).
[53] Docket 18 at 4 (citing Tr. 657).
[54] Tr. 657.
[55] Tr. 321.
[56] Tr. 397–400.

*S.K. v. O'Malley*  
Order Remanding for Further Proceedings

Case No. 4:22-cv-00021-RRB  
Page 9

Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 9 of 16

disorder, recurrent, severe without psychotic features."[57] The pages cited by the ALJ appear to be chosen at random, citing one page that indicated Claimant's "insight was impaired,"[58] and others that simply indicate "no change in diagnosis" or "Mood: Depressed and Anxious."[59] The remaining pages cited by the ALJ contain similar entries.[60] In short, the pages cited by the ALJ do not support the conclusions.

### 2. Situational component

Ultimately, the ALJ found Claimant's problems "at least in part, situational in nature," noting a physical therapy notation of "significant depression related to inability to work due to pain and difficulty with all general function due to pain and lethargy related to pain medications and antidepressants."[61] Defendant argues that disability must arise from medically determinable impairments, not difficult life circumstances or situational stressors.[62]

But despite any "situational component" to Claimant's mental condition, Defendant fails to acknowledge that the documented diagnoses of "Major Depressive Disorder, recurrent" found repeatedly in the record yields a "medically determinable impairment," and that the ALJ herself found Claimant's depressive disorder and anxiety disorder were "severe" impairments which "significantly limit the claimant's ability to

---

[57] Compare Tr. 427 & 429; Tr. 454 & 455.
[58] Tr. 461.
[59] Tr. 495, 498.
[60] *See* Tr. 657.
[61] Tr. 658.
[62] Docket 18 at 5.

*S.K. v. O'Malley*             Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings             Page 10
Case 4:22-cv-00021-RRB    Document 20    Filed 02/05/24    Page 10 of 16

perform basic work activities."[63] The presence of additional life stressors aggravating a mental condition does not negate the underlying mental condition.

### 3. Claimant's mental limitations

State agency psychological consultant, Mark Berkowitz, Psy.D., evaluated Claimant's medical records for a Mental Residual Functional Capacity Assessment in July 2019.[64] Subsequently, ALJ Hebda called a non-examining licensed psychologist, Cheryl Buechner, Ph.D., to testify at the 2020 hearing.[65] No psychiatric expert testified at the 2022 hearing before Judge LaCara.

ALJ LaCara found that Dr. Berkowitz's 2019 evaluation was consistent with the April 2020 opinion of Dr. Buechner, and she relied upon the opinions of the two non-examining psychiatric experts in reaching her conclusion that Claimant's mental functioning was not disabling.[66] But the common theme of Dr. Berkowitz's evaluation and the testimony of Dr. Buechner was the lack of sufficient evidence. The ALJ found that Dr. Berkowitz concluded in 2019 that "there was insufficient evidence prior to the date last insured."[67] And Dr. Buechner opined in 2020 that "there's not enough information really in the record to know is, is this a person who in a fatigued state would benefit from non-repetitive routine work or if that might be better. There's, there's insufficient information specific to that to allow me to, to comment on the functional parts of that."[68]

---

[63] Tr. 651.
[64] Tr. 87.
[65] Tr 731.
[66] Tr. 661.
[67] Id.
[68] Tr. 750.

Despite a lack of sufficient evidence prior to the date last insured, Dr. Berkowitz did opine that Claimant had **moderate limitations in her ability to maintain attention and concentration for extended periods, and to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances.**[69] The ALJ extrapolated from this opinion, without explanation, that Claimant would be off-task ten percent (10%) of the workday, and presented such a hypothetical to the Vocational Expert. But Claimant argues that the findings by Dr. Berkowitz "plainly illustrate that the full effect of Plaintiff's mental impairments cannot reasonably be reduced to a singular limitation that she will off-task up to 10% of the workday," arguing that her limitations, including the inability to complete a normal workday and workweek without interruptions from psychologically based symptoms, are not encompassed in the ALJ's singular limitation to needing to be "10% off task."[70] Rather, Claimant details the medical records which reflect her descriptions of difficulty with concentration, memory loss, and motivation, including with respect to her own personal hygiene and household chores, which she argues "patently support[] a greater off task limitation than 10%."[71] She argues that "the record is replete with evidence supporting the need for additional limitations more than just the 10% off-task limitation," complaining that such a limitation was "solely the product of the ALJ's mind since no medical professional . . . expressed this limitation."[72] For the reasons discussed below, the Court agrees.

---

[69] *Id.*
[70] Docket 17 at 15.
[71] Docket 17 at 16 (citing Tr. 53, 590, 593, 620, 1675, 1708, 1727, 1792, 1795, 1798, 1804, 1810, 1812, 1825, 1826).
[72] Docket 17 at 15–16.

### 4. Onset and duration of depression and anxiety

The ALJ found that "prior to the date last insured, there is little to suggest any mental health impairment," concluding that Claimant was diagnosed with major depressive disorder in March 2018.[73] This finding is incorrect, as this Court notes diagnosis for "Major depressive disorder, recurrent severe without psychotic features" at least as early as October 2017.[74] Granted, this date still post-dates the date last insured. The Court declines to speculate whether Claimant can show major depressive disorder prior to her DLI, but suggests that the record is clear that she struggled with depression and anxiety after her DLI, when SSI benefits are still available. Claimant had been in treatment for "over a year" as of April 2022, and continued to struggle with depression and anxiety at that time, while taking medication prescribed by a psychiatrist.[75]

### 5. Vocational expert opinion

Claimant referred to psychotherapy and started Effexor at the beginning of 2018.[76] Over the next year of counseling, she endorsed feeling overwhelmed (particularly with filling out paperwork), feelings of worthlessness and hopelessness with thoughts of dying, sleep disturbance, irritability, lack of motivation and no energy and lack of interest in activities that she used to enjoy. During these counseling sessions, treatment sources

---

[73] Tr. 657 (citing Tr. 398).
[74] Tr. 480.
[75] Tr. 1825.
[76] Tr. 400, 402, 407.

*S.K. v. O'Malley*     Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings     Page 13
Case 4:22-cv-00021-RRB    Document 20    Filed 02/05/24    Page 13 of 16

clinically observed a depressed and sad mood, manic, labile, and overwhelmed affect, impaired insight, and disorganized thought flow and easy distractibility.[77]

Although the ALJ found that Plaintiff had only mild limitations in socializing, Claimant argues that "the record demonstrates that she repeatedly has self-isolating behaviors and anxiety related to being outside her home."[78] She complains that no additional limitations related to social functioning were included in the RFC.

Claimant argues that all of this is significant because it impacts the RFC presented to the VE. The VE testified that if the hypothetical person was additionally limited to only occasional interaction with the public, all Claimant's past jobs would be eliminated.[79] Claimant also points out that pursuant to the VE's testimony, if her impairments cause her to be off-task even just eleven percent (11%), she would be unemployable,[80] rendering the ALJ's unsupported finding of ten percent (10%) off-task a critical lynchpin in the decision.

**D.    Conclusion**

A decision of the Commissioner to deny benefits will not be overturned unless it either is not supported by substantial evidence or is based upon legal error. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Having carefully reviewed the administrative record, the Court concludes based upon the record as a whole that the ALJ's selective reading of the

---

[77] Docket 17 at 8 (citing Tr. 397; 399; 410; 426–29; 455; 469; 473; 485; 547; 602; 604; 609; 610; 612; 613).
[78] Docket 17 at 16 (citing Tr. 57; 404; 508; 653, 685; 1714; 1726; 1826).
[79] Tr. 695.
[80] Docket 17 (citing Tr. 693).

*S.K. v. O'Malley*  Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings  Page 14
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 14 of 16

record does not provide substantial evidence supporting her decision to deny benefits.[81] The Court agrees that conflating multiple distinct limitations related to concentration, persistence, and pace to a singular limitation of "being off task 10% of a typical workday" is pure lay analysis. The ALJ has provided no rationale for the finding that Claimant would be off-task ten percent (10%) of a workday due to mental limitations.

To the extent that the ALJ found Claimant's self-reports of mental limitations to be unreliable, the Court finds that the ALJ's reasoning is not persuasive. Her findings that Claimant held a driver's license, lived alone, had a dog, and volunteered at a local greenhouse do not amount to substantial evidence that Claimant's mental impairments are "less limiting than alleged."[82] Neither is the Court persuaded by the ALJ's reasoning that Claimant's decision to cancel counseling sessions for a month while family was visiting as evidence that "the intensity and persistence of the claimant's physical and mental impairments are less limiting than alleged."[83] "The Social Security Act does not require that claimants be utterly incapacitated to be eligible for benefits, . . . and many home activities are not easily transferable to what may be the more grueling environment of the workplace, where it might be impossible to periodically rest or take medication."[84]

If an ALJ commits legal error, courts will uphold the decision if it is harmless.[85] An error is harmless if it is "inconsequential to the ultimate nondisability

---

[81] *Diedrich v. Berryhill*, 874 F.3d 634 (9th Cir. 2017) (an ALJ may not rely on "cherry pick[ed]" evidence to support a denial of benefits).
[82] Tr. 658–59.
[83] Tr. 658.
[84] *Fair v. Bowen*, 885 F.2d at 603.
[85] *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

*S.K. v. O'Malley*  Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings  Page 15
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 15 of 16

determination."[86]  This is not harmless error.  "The hypothetical an ALJ poses to a vocational expert, which derives from the RFC, 'must set out *all* the limitations and restrictions of the particular claimant.'  Thus, an RFC that fails to take into account a claimant's limitations is defective."[87]  Here, the ALJ failed to fully account for Claimant's mental limitations and failed to explain her exclusion of Dr. Berkowitz's limitations, despite finding his opinion persuasive.

Claimant argues that "the required analyses were not properly performed, resulting in findings not reasonably or logically bridged to the record.  As these findings cannot be crafted from whole cloth on appeal, the only appropriate remedy is remand."  The Court agrees.  Remand is required.[88]

The Court declines to limit the scope of remand to only SSI benefits.

## VI.  CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** that Claimant's motion at **Docket 17** is **GRANTED** and this matter is **REMANDED** for further proceedings.

IT IS SO ORDERED this 5th day of February, 2024, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[86] *Id.* (citation omitted).
[87] *Valentine v. Comm'r SSA*, 574 F.3d 685, 690 (9th Cir. 2009) (internal citation omitted).
[88] If the district court finds error in an ALJ's decision, the court may remand the case for additional evidence or remand for payment of benefits.  *Trevizo v. Berryhill*, 870 F.3d 664, 682 (9th Cir. 2017).  Here, the parties agree that in the event of a remand, further proceedings are warranted.

S.K. v. O'Malley                                                                                                         Case No. 4:22-cv-00021-RRB
Order Remanding for Further Proceedings                                                                                   Page 16
Case 4:22-cv-00021-RRB   Document 20   Filed 02/05/24   Page 16 of 16